**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ALSTORY SIMON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15-cv-1433 |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| NORTHWESERN UNIVERSITY, | ) | |
| DAVID PROTESS, PAUL J. CIOLINO, | ) | |
| and JACK P. RIMLAND, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT MOTION TO STAY
DISCOVERY PENDING RESOLUTION OF MOTIONS TO DISMISS**

Defendants Northwestern University ("Northwestern"), David Protess, Paul J. Ciolino, and Jack P. Rimland, by their respective attorneys, jointly and respectfully move the Court for entry of an order staying all discovery (including initial discovery matters pursuant to Rule 26(a)(1) and (f)) until the Court rules on the pending motions to dismiss the Complaint under Rule 12(b)(6). In support of this Motion, defendants state as follows:

1.     Plaintiff Alstory Simon filed this diversity action on February 17, 2015, asserting claims of malicious prosecution and other Illinois tort claims against Northwestern, its former journalism professor Protess, private investigator Ciolino, and Simon's former attorney, Rimland. His complaint seeks to hold the defendants responsible for a criminal prosecution brought against him 16 years ago, in 1999, by the Cook County State's Attorney's Office for two 1982 murders to which Simon confessed and pleaded guilty, but which he later claimed he did not commit.

2.     Simon's core allegation is that in 1998 and 1999, Protess and Ciolino "manufactured" false evidence indicating that Simon was guilty of the 1982 murders and that the

man who earlier had been convicted of those crimes, Anthony Porter, was innocent. *See* Compl. ¶¶ 80-97. Simon claims that defendant Rimland was then enlisted into a conspiracy to have Rimland represent Simon but only for the purpose of ensuring his successful prosecution so that Porter could be freed. *Id.* ¶¶ 98-102, 111-15. Plaintiff asserts that Northwestern should also be held responsible for the supposed misdeeds of the other defendants. *Id.* ¶¶ 53-55.

3. On May 5, 2015, Northwestern filed a Rule 12(b)(6) motion to dismiss the Complaint, with a supporting memorandum of law. (Dkt. Nos. 42, 44). Northwestern seeks dismissal with prejudice of the entire Complaint, contending, among other things:

- Simon cannot state a malicious prosecution claim because the well-pleaded facts show his prosecution resulted from an independent investigation by the public prosecutor and cannot be attributed to Northwestern or any of the other defendants. Memorandum of Law in Support of Northwestern University's Rule 12(b)(6) Motion to Dismiss (Dkt. No. 44) ("Northwestern Mem.") at 1-7.

- Simon confessed and pleaded guilty to the murders, and he alleges he did so in an attempt to enrich himself from purported book and movie deals. Simon therefore cannot, as a matter of law, legally attribute his criminal prosecution to the defendants. *Id.* at 7-9.

- Simon's claims for intentional infliction of emotional distress, conspiracy, and "negligent retention and supervision" are time-barred, as those causes of action accrued long outside the applicable two-year statutory limitations period. *Id.* at 14-18.

- All of Simon's residual tort claims (those other than malicious prosecution) depend on his ability to state a claim for malicious prosecution, and all fail with the failure of the malicious prosecution count and because they fail to state a claim. *Id.* at 18-21.

4. Also on May 5, 2015, defendant Protess filed his own motion to dismiss, joining Northwestern's motion to dismiss and arguing that Simon has failed to state a malicious prosecution claim because Simon does not properly allege that defendants commenced his prosecution or that any defendant provided knowingly false information to law enforcement; that Simon's intentional infliction of emotional distress claim is time-barred; and that Simon failed to

state a conspiracy claim. Defendant David Protess' Motion to Dismiss the Complaint Pursuant to Rule 12(b)(6) (Dkt. No. 46).

5.     On May 5, 2015, defendant Ciolino filed his own motion to dismiss, and joined Northwestern's and Protess' motions. Defendant Ciolino's Motion to Dismiss (Dkt. No. 43).

6.     On April 24, 2015, defendant Rimland filed a motion to dismiss, arguing that all claims against him are barred by Illinois's six-year statute of repose for claims against attorneys. Defendant Jack Rimland's Rule 12(b)(6) Motion to Dismiss (Dkt. No. 34).

7.     On May 1, 2015, counsel for Northwestern conferred with counsel for Simon concerning defendants' request to stay discovery. Simon does not agree that discovery should be stayed pending resolution of the motions to dismiss. Accordingly, the defendants have filed this Joint Motion.

8.     Rule 26(c) of the Federal Rules of Civil Procedure provides that the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Courts have broad discretion in controlling discovery. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *James v. Hyatt Regency Chicago*, 707 F.3d 775, 784 (7th Cir. 2013); *Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 813 (7th Cir. 2006). Such discretion includes the power to stay discovery during the pendency of a motion to dismiss. *Bilal v. Wolf*, No. 06 C 6978, 2007 U.S. Dist. LEXIS 41983, at *2 (N.D. Ill. June 6, 2007).

9.     This Court should exercise its discretion and grant a stay of discovery in this case for at least three reasons. First, the motions to dismiss by Northwestern, Protess, Ciolino and Rimland raise serious challenges to whether this case may proceed at all. The Northwestern, Protess and Ciolino motions are directed at key threshold elements of Simon's primary claim, the

malicious prosecution count, which requires pleaded facts showing that a private party defendant (like the defendants here), and not public officials, "commenced or continued" Simon's criminal prosecution for the 1982 murders. *See* Northwestern Mem. at 1-7 (citing *Randall v. Lemke*, 726 N.E.2d 183, 185 (Ill. App. 2d Dist. 2000)); *see also* Memorandum of Law in Support of Defendant David Protess' Motion to Dismiss the Complaint (Dkt. No. 47) ("Protess Mem.") at 4-12. If the Court agrees that the pleaded facts show that the Cook County State's Attorney's independent investigation and Simon's own role in pleading guilty to the murders "commenced or continued" Simon's prosecution, so that the defendants may not be held to have initiated it, those motions to dismiss essentially resolve the entire case. Simon's remaining claims either fail for similar reasons or are clearly time-barred. *See* Northwestern Mem. at 14-21; *see also* Protess Mem. at 12-15; Defendant Ciolino's Motion to Dismiss (Dkt. No. 43). The Rimland motion to dismiss asserts that Simon's claims against his former attorney (Rimland) fail completely because Simon filed them long after the running of the six-year Illinois statute of repose applicable to claims against attorneys. *See* Defendant Jack Rimland's Memorandum in Support of His Rule 12(b)(6) Motion to Dismiss (Dkt. No. 36) at 6 (citing 735 ILCS 5/13-214.3(b) and (c)). The Court may appropriately stay discovery during the pendency of case-dispositive motions like those filed by Northwestern, Protess and Rimland. *Panther Brands, LLC v. Indy Racing League, LLC*, No. 1:14-cv-00472-TWP-TAB, 2014 U.S. Dist. LEXIS 146757, at *2 (S.D. Ind. Oct. 15, 2014); *Bilal*, 2007 U.S. Dist. LEXIS 41983, at *2; *see also Sprague v. Brook*, 149 F.R.D. 575, 577-78 (N.D. Ill. 1993) (citing authorities).

10. <u>Second</u>, a stay is warranted because Simon has not pleaded his malicious prosecution claim with the level of factual specificity required to satisfy Rule 8(a) under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Allowing merits discovery to proceed would amount to a fishing expedition that courts in this district have greatly disfavored in analogous contexts. *Cf. Builders Bank v. First Bank & Trust Co.*, No. 03 CV 04959, 2004 U.S. Dist. LEXIS 21607, at *9 (N.D. Ill. Oct. 27, 2004) (plaintiff cannot use the discovery process to comply with Rule 9(b)); *United States ex rel. Robinson v. Northrop Corp.*, 149 F.R.D. 142, 144 (N.D. Ill. 1993) (False Claims Act complaint may not be "filed as a pretext to uncover unknown wrongs"); *United States ex rel. Liotine v. CDW-Government, Inc.*, Civil No. 05-053-DRH, 2009 U.S. Dist. LEXIS 21555, at *3-4 (S.D. Ill. Mar. 18, 2009) ("[T]he purpose of the heightened pleading requirement in a fraud case is frustrated by allowing a realtor to make vague claims of fraud, and then permitting him to engage in discovery in the hope of uncovering enough specifics to adequately plead a case."). Here, Simon should not be allowed to circumvent Rule 8(a), as interpreted in *Iqbal* and *Twombly*, and engage in discovery in hopes of satisfying the pleading requirements for his implausible and insufficiently pleaded malicious prosecution claim.

11. <u>Third</u>, resolution of the motions to dismiss, even if not resulting in the outright dismissal of the Complaint with prejudice, is likely to give the parties and the Court a clearer roadmap of how discovery could be conducted efficiently as to the potentially case-dispositive issues. For example, while it is plain from the face of the Complaint that the State's Attorney conducted an independent grand jury investigation in 1999, *see* Northwestern Mem. at 1-7, the case-dispositive nature of this issue suggests that if the Complaint does survive, discovery should be at least initially limited to this issue. To offer another example, Simon alleges that he was "exonerated" for the 1982 murders when the current Cook County State's Attorney requested in October 2014 to vacate his convictions in the case. Compl. ¶¶ 123-27. His malicious prosecution claim depends on whether he can establish that his criminal prosecution was

terminated in a matter indicative of his innocence. *See Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996). If discovery were to establish that the State's Attorney's action in fact involved a *nolle prosequi* resulting from factors *not* indicative of innocence, such as the impossibility or impracticality of bringing Simon to trial, *see id.* at 1242-43, prompt summary judgment would be appropriate on the malicious prosecution claim on that ground. Staying discovery until the Court resolves the motions to dismiss would allow the parties, if this action survives, to review the Court's ruling and to meet and confer about the appropriate scope of discovery based on whatever issues may remain to be litigated in this case. Staying discovery during the pendency of the motions to dismiss is a sound path toward a more efficient use of the Court's and the parties' resources. *Triad Assocs. v. Chicago Hous. Auth.*, No. 87 C 5096, 1991 U.S. Dist. LEXIS 10204, at *2 (N.D. Ill. July 23, 1991); *Panther Brands,* 2014 U.S. Dist. LEXIS 146757, at *3 (S.D. Ind. Oct. 15, 2014); *Wireless Spectrum Techs., Inc. v. Motorola Corp.*, Case No. 00 C 0905, 2001 U.S. Dist. LEXIS 239, at *3, 5 (N.D. Ill. Jan. 10, 2001).

12.      A stay of discovery will result in no prejudice to Simon. In fact, a stay will save substantial costs, time, and effort for all parties and the Court, especially if the motions to dismiss are granted, either in whole (in which case no one will incur costs) or in part (in which case the scope of discovery will be narrowed significantly). Moreover, absent a stay, the defendants will suffer real and significant harm, in the form of significant costs in responding to what is likely to be substantial discovery implicated by Simon's insufficiently pleaded but complex and very lengthy allegations. For individual defendants Protess, Ciolino and Rimland, in particular, the costs of responding to unnecessary and broad-based discovery requests will be severely burdensome, and would potentially impede their ability to continue to defend themselves during a discovery process far broader than this case requires for efficient resolution.

6

WHEREFORE, the defendants respectfully request that the Court enter an order staying all discovery (including initial discovery matters under Rule 26(a)(1) and (f)) until the Court resolves the pending motions to dismiss.

Dated: May 5, 2015                                        Respectfully submitted,


Terri L. Mascherin                              Joseph R. Marconi
Gabriel A. Fuentes                              JOHNSON & BELL
Jory M. Hoffman                                 33 West Monroe St., Suite 2700
JENNER & BLOCK LLP                              Chicago, IL 60603-5404
353 N. Clark St.                                (312) 372-0770
Chicago, IL 60654
(312) 222-9350

By:  s/Terri L. Mascherin                       By: s/Joseph R. Marconi
   *On behalf of Northwestern*                     *On behalf of Jack P. Rimland*
   *University*


Terence Edward Flynn                            Matthew J.  Piers
Law Office of Terence E. Flynn                  Chirag G. Badlani
53 W. Jackson Boulevard, Suite 1231            Hughes Socol Piers Resnick & Dym, Ltd.
Suite 1300                                      70 W. Madison St., Suite 4000
Chicago, IL 60604                               Chicago, IL 60602
(312) 346-1378                                  (312) 604-2606

By: s/Terence E. Flynn                          By:  s/Matthew J. Piers
   *On behalf of Paul J. Ciolino*                  *On behalf of David Protess*

CERTIFICATE OF SERVICE

I certify that on May 5, 2015 I electronically filed **Defendants' Joint Motion to Stay Discovery Pending Resolution of Motions to Dismiss** with the clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, which will send notice to the people on the attached service list.

/s/ Jory M. Hoffman
Jory M. Hoffman, Bar No. 6313054
Jenner & Block, LLP
353 North Clark Street
Chicago, IL 60654

## SERVICE LIST

### ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| Terry A. Ekl<br>Patrick L. Provenzale<br>Tracy L Stanker<br>Ekl, Williams & Provenzale LLC<br>901 Warrenville Road, Suite 175<br>Lisle, Illinois 60532<br>Tel: (630) 242-8216<br>tekl@eklwilliams.com<br>pprovenzale@eklwilliams.com<br>tstanker@eklwilliams.com | James G. Sotos<br>Jeffrey Neil Given<br>Jordan Ann Lejcar<br>The Sotos Law Firm, P.C.<br>550 E. Devon Avenue<br>Suite 150<br>Itasca, Illinois 60143<br>Tel: (630) 735-3300<br>jsotos@jsotoslaw.com<br>jgiven@jsotoslaw.com<br>jlejcar@jsotoslaw.com |
| Andrew M. Hale<br>Avi T. Kamionski<br>Shneur Z. Nathan<br>Hale Law LLC<br>53 West Jackson Boulevard<br>Suite 330<br>Chicago, Illinois 60604<br>Tel: (312) 870-6926<br>ahale@ahalelaw.com<br>akamionski@ahalelaw.com<br>snathan@ahalelaw.com | |

### ATTORNEYS FOR DEFENDANTS

| *Attorney for Jack P. Rimland* | *Attorneys for David Protess* |
|---|---|
| Joseph R. Marconi<br>David M. Macksey<br>33 West Monroe Street<br>Suite 2700<br>Chicago, IL 60603<br>(312) 984-0211<br>marconij@jbltd.com<br>mackseyd@jbltd.com | Matthew J. Piers<br>Chirag Gopal Badlani<br>Hughes Socol Piers Resnick & Dym Ltd.<br>70 West Madison Street<br>Suite 4000<br>Chicago, IL 60602<br>(312) 580-0100<br>Fax: 312.580.1994<br>mpiers@hsplegal.com<br>cbadlani@hsplegal.com |
| *Attorneys for Paul J. Ciolino* | *Attorneys for Paul J. Ciolino* |
| Terence Edward Flynn<br>Law Office of Terence E. Flynn<br>53 W. Jackson Boulevard, Suite 1231<br>Chicago, IL 60604<br>(312) 346-1378<br>Terence.flynn@att.net | Thomas J. Fleischmann<br>Thomas J. Fleischmann & Associates<br>2580 Foxfield Road - #101<br>St. Charles, IL 60174<br>(630) 584-5555<br>tjfleisch@aol.com |