**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| ALSTORY SIMON, | ) | |
| Plaintiff, | ) | No. 15-cv-1433 |
| | ) | |
| v. | ) | District Judge Robert M. Dow, Jr. |
| | ) | Magistrate Judge M. David Weisman |
| NORTHWESTERN UNIVERSITY, et al., | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL COOK COUNTY STATE'S ATTORNEY'S OFFICE TO PRODUCE DOCUMENTS**

Defendants Northwestern University ("Northwestern") and Paul J. Ciolino submit this Memorandum in support of their Motion to Compel the Cook County State's Attorney's Office ("CCSAO") to produce the three documents it has withheld from production under a "deliberative process" privilege and to produce emails responsive to the subpoenas served by Northwestern and Mr. Ciolino.[1]

**BACKGROUND**

Collectively, Northwestern and Mr. Ciolino have served three subpoenas for production of records upon the CCSAO. In identical subpoenas served by Mr. Ciolino and Northwestern, respectively, on June 21, 2016 and December 5, 2016, Defendants sought production of documents related to the CCSAO's investigations and prosecutions of Anthony Porter and Alstory Simon. (Ex. A, Feb. 27, 2017 Declaration of Terri L. Mascherin ("Mascherin Decl.") at Ex. 1, 6/21/2016 Subpoena to CCSAO from Mr. Ciolino; Ex. A, Mascherin Decl. at Ex. 2, 12/5/2016 Subpoena to CCSAO from Northwestern.) On December 8, 2016, Mr. Ciolino also served a subpoena upon

---

[1] Although Defendant David Protess did not serve a separate subpoena on the CCSAO, and thus cannot move to enforce it, he supports this motion brought by the other Defendants.

the CCSAO seeking production of the CCSAO's internal communications and external communications with certain individuals, including Defendants and counsel for Plaintiff, relating to the CCSAO's investigations and prosecutions of Anthony Porter and Alstory Simon from 2008 to the present. (Ex. A, Mascherin Decl. at Ex. 3, 12/8/2016 Subpoena to CCSAO from Mr. Ciolino.)

Over a period of weeks from September 6 to January 3, 2017, the CCSAO produced documents in response to the subpoenas served by Northwestern and Mr. Ciolino. Many of those documents were heavily redacted, and the CCSAO also withheld several documents on the ground that the documents were either subject to a privilege or confidential. The CCSAO provided a log identifying the documents which it redacted or withheld and the basis for its actions. The CCSAO redacted documents for five stated reasons: (1) HIPPA and/or IL Mental Health Confidentiality Act, (2) Grand Jury Transcripts (725 ILCS 5/112-6), (3) LEADS (20 Ill. Adm. Code 1240.10), (4) work product, and (5) deliberative process privilege. (Ex. A, Mascherin Decl. ¶ 5.) The CCSAO did not produce any emails. (*Id.*)

Counsel for Northwestern has engaged in several discussions with the CCSAO regarding the documents that it redacted or withheld, and regarding the requests for emails, resulting in an agreed resolution of many of the CCSAO's privilege and confidentiality claims. On January 12, 2017, counsel for Northwestern sent a letter to the CCSAO regarding the documents that were withheld or redacted. (Ex. A, Mascherin Decl. at Ex. 4, Jan. 12, 2017 Ltr. from T. Mascherin to K. Hofbauer & E. Sussman.) Following that letter, counsel spoke by telephone. (Ex. A, Mascherin Decl. ¶ 7.) As a result of the correspondence and discussion, the CCSAO agreed to produce all previously withheld or redacted hard copy documents except for four documents as to which the

2

CCSAO is "maintaining [its] privilege claim" based upon the deliberative process privilege. (Ex. A, Mascherin Decl. at Ex. 5, Feb. 9, 2017 Ltr. from K. Hofbauer to T. Mascherin.)

On February 16, 2017, counsel for Northwestern and the CCSAO conferred telephonically regarding the CCSAO emails and the four documents which the CCSAO continues to withhold under a claim of deliberative process privilege. (Ex. A, Mascherin Decl. ¶ 9.) In that discussion, Karl Hofbauer of the CCSAO confirmed that the first document described in his February 9, 2017 letter does not relate to Alstory Simon or Anthony Porter and was mistakenly filed in the CCSAO's boxes of files on the Porter/Simon investigations. (*Id.*) Accordingly, counsel for Northwestern told Mr. Hofbauer that it would not seek production of that document, but that Northwestern would move to compel production of the other three documents identified in Mr. Hofbauer's February 9, 2017 letter. (*Id.*)

On February 16, Mr. Hofbauer also confirmed that the CCSAO is withholding all emails, regardless of the scope or search terms proposed by Defendants, and that Defendants would have to file a motion to compel in order to obtain any emails. (*Id.* ¶ 10.) Mr. Hofbauer stated that he had communicated with CCSAO Information Technology ("IT") personnel and had determined that it would be prohibitively expensive to recover emails from before 2000, because the CCSAO changed email systems in 2000. (*Id.* ¶ 11.) Mr. Hofbauer also stated that he had asked CCSAO's IT personnel to run searches for emails with certain terms to see what volume of documents would be identified. (*Id.*) Counsel for Northwestern suggested that any further burden could be reduced by limiting the search to the time period encompassing the CCSAO's re-investigation of the Simon case in recent years. (*Id.* ¶ 12.)

As a result of these discussions between counsel, two categories of materials remain which the CCSAO is objecting to producing: (1) the three documents which the CCSAO claims are

protected by the deliberative process privilege; and (2) emails responsive to the subpoenas from the time period encompassing the CCSAO's recent re-investigation of the Simon case.

## ARGUMENT

In this case, Plaintiff Alstory Simon has brought claims against Defendants for malicious prosecution and conspiracy, both state-law claims. The reasons for the CCSAO's decisions in 1999 to indict and prosecute Alstory Simon and in 2014 to *nolle prosequi* the case against Alstory Simon are directly relevant and highly material to Plaintiff's claim for malicious prosecution. The CCSAO cannot maintain a deliberative process privilege over documents related to those investigations and decisions for three distinct reasons: (1) there is no deliberative process privilege under Illinois law; (2) the deliberative process privilege does not apply when, as here, the deliberative process is directly at issue in the case; and (3) the deliberative process privilege can be overcome where, as here, there is a particularized need for the documents. Nor can the CCSAO maintain a blanket objection to producing any emails in response to the subpoenas, where the CCSAO does not deny that the emails are relevant and responsive, and Defendants have offered to make reasonable accommodations with the CCSAO on any burden issues.

## I. Illinois Does Not Recognize The Deliberative Process Privilege.

The Illinois Supreme Court has held that the deliberative process privilege does not exist under Illinois law. *People ex rel. Birkett v. City of Chicago*, 705 N.E.2d 48, 53-54 (Ill. 1998). In *Birkett*, the Court refused to recognize the deliberative process privilege, holding that it was best left to the legislature to expand privileges and that the recognition of the privilege by federal courts and under FOIA was not persuasive. *Id.*; *see also Harris v. One Hope United, Inc.*, 2015 IL 117200, ¶ 25 (reaffirming *Birkett* Court's conclusion that legislature best equipped to expand privileges like deliberative process). In this case, Plaintiff has asserted only state-law claims,

therefore the CCSAO's assertion of privilege is determined by state law. Fed. R. Evid. 501; *Abbott Labs. v. Alpha Therapeutic Corp.*, 200 F.R.D. 401, 404 (N.D. Ill. 2001) ("In civil actions or proceedings with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness shall be determined in accordance with State law."). Because Illinois has no deliberative process privilege, the CCSAO is precluded from asserting this privilege, and this Court should enter an order compelling the CCSAO to produce the three documents that it is withholding.

## II. Under Federal Law, The Deliberative Process Privilege Does Not Apply Where The Intent Behind The Decision-Making Process Is At Issue.

Even if federal law, and not Illinois law, applied, the CCSAO cannot assert the deliberative process privilege here because the reasons for the State's Attorney's decisions to seek charges against Plaintiff and, later, to seek to *nolle pros* the case, are central to Plaintiff's claims and Defendants' defenses.

Under federal law, the deliberative process privilege protects communications that are part of a governmental agency's decision-making process. *United States v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993). "A document will be protected 'only if it is "predecisional"—generated before the adoption of an agency policy—and "deliberative"—and reflective of the give and take of the consultative process.'" *Saunders v. City of Chicago*, No. 12 C 9158, 2015 WL 4765424, at *9 (N.D. Ill. Aug. 12, 2015) (quoting *Allen v. Chicago Transit Auth.*, 198 F.R.D. 495, 502 (N.D. Ill. 2001)). "Discussion of objective facts, as opposed to opinions and recommendations, generally is not protected by the deliberative process privilege." *Id.* at *10.

The federal deliberative process privilege does not apply where the intent behind the official decision-making process is directly at issue in the case. *Glenwood Halsted LLC v. Vill. of Glenwood*, No. 11-CV-6772, 2013 WL 140794, at *3 (N.D. Ill. Jan. 11, 2013); *Lewis v. Phillips*,

No. 10-cv-3163, 2012 WL 5499448, at *2 (C.D. Ill. Nov. 13, 2012); *Dunnet Bay Constr. Co. v. Hannig*, No. 10-3051, 2012 WL 1599893, at *3 (C.D. Ill. May 7, 2012); *United States v. Lake Cnty. Bd. of Commrs.*, 233 F.R.D. 523, 526 (N.D. Ind. 2005); *Anderson v. Cornejo*, No. 97 C 7556, 2001 WL 826878, at *2, 4 (N.D. Ill. July 20, 2001). *See also In re Subpoena Duces Tecum Served on Office of Comptroller of Currency*, 145 F.3d 1422, 1424-425 (D.C. Cir. 1998), *on reh'g in part*, 156 F.3d 1279 (D.C. Cir. 1998) (clarifying that balancing test is unnecessary because privilege does not apply when governmental deliberations are at issue); *Mr. & Mrs. B v. Bd. of Educ. of Syosset Cent. Sch. Dist.*, 35 F. Supp. 2d 224, 230 (E.D.N.Y. 1998); *Dominion Cogen, D.C., Inc. v. District of Columbia*, 878 F. Supp. 258, 268 (D.D.C. 1995) (finding that privilege does not apply where plaintiff's allegations "place the deliberative process itself directly in issue").

In this case, Plaintiff has asserted claims for malicious prosecution against Defendants. To succeed on his malicious prosecution claims under Illinois law, Plaintiff must show: (1) the defendant continued or commenced the original proceeding; (2) the original proceeding terminated in the plaintiff's favor; (3) the defendant lacked probable cause; (4) malice; and (5) damages. *Szczesniak v. CJC Auto Parts, Inc.*, 21 N.E.3d 486, 490 (Ill. App. 2d Dist. 2014). The CCSAO's decision-making process is directly at issue with respect to the first two elements of Plaintiff's malicious prosecution claims, and potentially relevant to the other elements as well.[2]

First, Plaintiff must prove that Defendants commenced or continued the original criminal proceeding against him. *See Randall v. Lemke*, 726 N.E.2d 183, 185 (Ill. App. 2d Dist. 2000). Plaintiff's claim fails if the criminal prosecution was based not on the allegedly false information

---

[2] Although Defendants submit that the relevance and materiality of the CCSAO files to the first two elements of the claims for malicious prosecution are dispositive, those files may also contain evidence pertaining to the knowledge and motivation of the Defendants as well as the conduct of Simon, all of which could also be relevant to the remaining three elements of the claims.

provided by the private citizen defendants, but rather based upon an independent law enforcement investigation – as Defendants allege and believe the evidence will show in this case. *Id.* at 185-86. The CCSAO's investigation and deliberative process leading up to its decision in 1999 to seek an indictment against Alstory Simon and to prosecute him are thus directly at issue in this case. (*See* Mem. Op. and Order 14, ECF No. 72, Apr. 22, 2016.)

Second, Simon must prove that the prosecution terminated in his favor. In Illinois, an order of *nolle prosequi* is not a favorable termination **if it was entered for reasons not indicative of Simon's innocence**. *Swick v. Liautaud*, 662 N.E.2d 1238, 1242-43 (Ill. 1996). The deliberative process and reasons why the CCSAO agreed to seek an order of *nolle prosequi* in 2014 are not only at issue, but central to the question whether the order was entered for reasons not indicative of Plaintiff's innocence. In denying Defendants' motion to dismiss based on Plaintiff's failure to show that his case terminated in his favor, Judge Dow wrote:

> Alvarez's statements at the press conference may not be the most reliable source of the prosecutors' reasoning underlying the *nolle prosequi*, as a State's Attorney may not want to make public all of the rationales behind an exercise of prosecutorial discretion, either for law enforcement reasons, political reasons, or both. ***Further, these statements at the press conference could be easily rebutted by other evidence of the context surrounding the nolle prosequi order, which may be elucidated during discovery***. In conclusion, a reasonable jury could find that the State terminated the proceedings against Simon via a *nolle prosequi* because of reasons indicative of Simon's innocence and thus the proceeding terminated in Simon's favor.

(Mem. Op. and Order 10, ECF No. 218, Jan. 3, 2017 (emphasis added).) Judge Dow has already indicated that he expects "evidence of the context surrounding the *nolle prosequi* order" to be "elucidated during discovery" and inform a case-dispositive issue. (*Id.*)

At this time, in addition to all relevant and responsive emails, the CCSAO is withholding three documents on the basis of the deliberative process privilege:

(1)    The first document is a 4-page "Internal memorandum from Robert Milan (ASA) to Keneth McCurry dated February 3, 1999 regarding territorial jurisdiction." (Ex A, Mascherin

Decl. at Ex. 5.) That memorandum is relevant to the CCSAO's investigation of Plaintiff in 1999, the subsequent decision of the CCSAO to proceed with Simon's prosecution and whether it was based on the CCSAO's own investigation.

(2)     The second document is a 28-page "[i]nternal memorandum from Fabio Valentini (Chief, Criminal Prosecutions Bureau) and Joseph Magats (Deputy Chief, Criminal Prosecutions Bureau) to Anita Alvarez (State's Attorney) and Dan Kirk (First Assistant State's Attorney) dated July 22, 2014 regarding *People v. Alstory Simon.*" (*Id.*) Based on a review of the documents produced by the CCSAO, this memorandum was sent toward the end of a re-investigation undertaken by the CCSAO into Plaintiff's criminal case. Moreover, this 28-page memorandum was sent to Anita Alvarez, the State's Attorney at the time, just two months before she publicly announced that the CCSAO would *nolle prosequi* Plaintiff's case. It is likely that this document is relevant to the "**context surrounding the *nolle prosequi* order**" and the bases for that decision.

(3)     The third document withheld by the CCSAO could not be privileged in any event. The CCSAO identifies that document as an "E-mail print out from Fabio Valentini (Chief, Criminal Prosecutions Bureau) to James Papa dated April 8, 2014. The email is a list of names and subjects." (*Id.*) Even under federal law, lists of names and subjects are objective facts to which the deliberative process privilege does not extend. *See Saunders*, 2015 WL 4765424, at *10. And even if the privilege did apply, the email was sent during the CCSAO's re-investigation, between two Assistant State's Attorneys who were involved in the re-investigation. It is likely that this document contains the identity of potential witnesses and other evidence bearing on the CCSAO's decision.

As to the emails, any attempt to invoke the deliberative process privilege fails for the same reasons as it fails for the three documents described above. Defendants will work with the CCSAO

to implement narrowly tailored searches to capture relevant emails and minimize any burden, but a blanket refusal to produce relevant and responsive emails is indefensible. "If the discovery appears relevant, the party objecting to the discovery request bears the burden of showing why that request is improper." *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, No. 04 C 5312, 2005 WL 1300778, at *1 (N.D. Ill. Apr. 28, 2005).

Because the CCSAO's deliberative process is central to at least two elements of Plaintiff's claims and Defendants' defenses, even if the federal deliberative process privilege applied in this case—which it does not—the privilege would not shield the emails and three documents at issue here. The CCSAO should be ordered to produce those emails and documents. Alternatively, as to the three documents, the Court should conduct an *in-camera* review to determine whether the documents relate to the CCSAO's decisions at issue in this case and, if they are relevant, they should be produced.

### III. Any Deliberative Process Privilege Is Overcome Because Defendants Have A Particularized Need For The Documents.

For similar reasons, even if the federal deliberative process privilege applied in this case—which it does not—Defendants' substantial need for the materials would outweigh any interest in shielding the emails and three documents at issue from protection in this case. To determine whether a deliberative process privilege exists and should be applied to prevent discovery of otherwise relevant information, federal courts use a two-part analysis. First, the court decides "whether the government has shown that the privilege applies to the documents. . . . Then, if the government meets its threshold burden of showing that the privilege applies, the litigant has the burden of showing that it has a particularized need for the documents." *Ferrell v. U.S. Dept. of Hous. & Urban Dev.*, 177 F.R.D. 425, 428 (N.D. Ill. 1998). Even if the CCSAO could make a

prima facie showing of privilege—which, as explained above, it cannot—Defendants have a "particularized need" for the documents. *See id.* at 429.

To determine whether there is a particularized need, "the court balances the [party's] need for disclosure against the government's need for secrecy, considering such factors as: (1) the relevance of the documents to the litigation; (2) the availability of other evidence that would serve the same purpose as the documents sought; (3) the government's role in the litigation; (4) the seriousness of the litigation and the issues involved in it; and (5) the degree to which disclosure of the documents sought would tend to chill future deliberations within government agencies, that is would hinder frank and independent discussion about governmental polices and decisions." *Id.*; *Evans v. City of Chicago*, 231 F.R.D. 302, 316 (N.D. Ill. 2005). Defendants easily meet each of these tests.

First, the documents are highly relevant and potentially material to this litigation. As explained above, Judge Dow has found issues of fact regarding the CCSAO's key decisions and explicitly directed the parties to take discovery on the reasons for those decisions. (*See* Mem. Op. and Order 14, ECF No. 72; Mem. Op. and Order 10, ECF No. 218.) Second, there is no other source or evidence that could serve the same purpose as the documents sought. Only the CCSAO can provide the reasons for its decisions. Third, the CCSAO is not a party to this litigation, so it has no official role. However, as explained above, the decisions it made regarding the investigation and prosecution of Alstory Simon are directly at issue and central to this case. Fourth, this Court has already commented on the seriousness of this case and the issues it involves. (Mem. Op. and Order 4-5, ECF No. 234, Feb. 3, 2017.) Finally, disclosure of the documents would not chill future deliberations because the criminal prosecution of Plaintiff has been finally resolved. Moreover, there is a protective order in place, and the documents can be protected from public disclosure,

minimizing any conceivable concerns the CCSAO may have regarding the public disclosure or use of these documents in other cases.

This case is analogous to *Evans*. In that case, a former inmate who had been pardoned by the governor sued police officers, alleging a conspiracy to frame him for a murder he did not commit. The plaintiff indicated that he intended to introduce the pardon as evidence of innocence, and the police officer defendants sought discovery from the Governor's office regarding the reason for the pardon. *Evans*, 231 F.R.D. at 317. The court held that the particularized need outweighed any claim of privilege on documents concerning the pardon decision. The court stated: "[C]ertainly the best evidence of the weight that should be accorded to the pardon, as proof of Mr. Evans's actual innocence, is the information and analysis on which it was based. And, that particular type of information is not available from other sources. Thus, both the relevance of the documents and the unavailability of the precise information in question from other sources weighs in favor of a finding of particularized need." *Id.*

Similarly, here, the best evidence of whether the CCSAO undertook an independent investigation and made an independent decision to prosecute Plaintiff in 1999 is the information and analysis on which that decision was based. And the best evidence of whether the CCSAO sought to *nolle prosequi* the case against Plaintiff in 2014 for reasons indicative of Simon's innocence is the information and analysis on which that decision was based.

## CONCLUSION

For the foregoing reasons, the CCSAO should be compelled to produce responsive emails and the three documents it is withholding. Illinois does not recognize a deliberative process privilege. And, even under federal law, the privilege either does not apply because the deliberate

2532213.6

process is at issue or it is overcome because Defendants have a particularized need for the documents.

Dated: February 27, 2017

Respectfully submitted,

*/s/ Terri L. Mascherin*
*On behalf of Northwestern University*

Terri L. Mascherin
Gabriel A. Fuentes
Laura E.B. Hulce
Jory M. Hoffman
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350

*/s/ Jennifer Bonjean*
*On behalf of Paul Ciolino*

Jennifer Bonjean
Bonjean Law Group, PLLC
1000 Dean Street
Suite 442 Brooklyn, NY 11238
(718) 875-1850

2532213.6