**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALSTORY SIMON, )<br>  Plaintiff, Counter-defendant, )<br> )<br>v. )<br> )<br>NORTHWESTERN UNIVERSITY, et al. )<br> )<br>  Defendants, )<br> ) | Case No. 15 CV 1433<br><br>Judge Robert M. Dow, Jr.<br>Magistrate Judge M. David Weisman<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION TO ENFORCE THIS COURT'S FEBRUARY 3, 2017 ORDER**

Plaintiff Alstory Simon, by his attorneys, respectfully moves this Court to enforce its Order dated February 3, 2017. In support, Plaintiff states:

**INTRODUCTION**

This case is now more than two years old. Despite Plaintiff's efforts to move the case forward, Defendants have obstructed at every turn. The parties have been embroiled in discovery disputes for more than six months, including litigating an extensive motion to compel and continued disputes over oral discovery in which Defendants have refused to commence a single deposition. In ruling on Plaintiff's Motion to Compel, this Court did not compel discovery against Defendant Protess, but rather only compelled Northwestern ("NU"). With the motion resolved, Plaintiff now learns that three of the electronic sources, which Protess was not ordered to search, were actually transferred to him by counsel for NU after Plaintiff's issuance of discovery requests in this case. Inexplicably, NU and Protess engaged in a protracted briefing (a combined 45 pages) and a lengthy discovery hearing without ever disclosing that the three images which Protess was seeking to avoid searching on the basis of burden were actually in the possession of NU at the time Plaintiff's discovery requests were initiated. Plaintiff seeks enforcement of this Court's Order on Plaintiff's Motion to Compel, requiring NU to search the

1

three images in accordance with its obligations. Alternatively, Plaintiff seeks reconsideration of the February 3 Order as it applies to Mr. Protess.

## RELEVANT FACTUAL BACKGROUND

*Plaintiff's Motion to Compel and this Court's February 3, 2017 Order*

While litigating Plaintiff's Motion to Compel, Protess represented he possessed three computer images (two laptops and a desktop) from 2010. These images had documents dating back to 1992, 1996 and 1999, respectively. *See*, Protess November 9, 2016 Correspondence attached as Exhibit A. NU separately indicated it possessed two computer images from the Medill School of Journalism (one laptop and one desktop) imaged in 2010. These images were originally thought to have documents dating back to 2002 and 2007, but it was later determined that an unknown number of documents dating back to the time period of 1995-1999 existed on the images. *See*, NU November 14, 2016 Correspondence, Exhibit B. It is Plaintiff's understanding that all five images were created in efforts to comply with the subpoenas issued by the State's Attorney Office in the *McKinney* case.

While Protess agreed to search his images for documents related to the Porter/Simon and Ford Heights Four cases, he objected to all further ESI requested by Plaintiff. (Dkt. 209 at p. 7.) Plaintiff argued that Protess's burden had not been established - Protess was already agreeing to incur the cost of retaining a vendor, loading the images and searching the content. He had not quantified the additional cost of simply running additional search terms. Nonetheless, this Court was receptive to Protess's burden argument and "[held off] compelling discovery against Mr. Protess because of his financial situation[,]" denying without prejudice, Plaintiff's motion as to David Protess. Transcript of January 23, 2017 Proceedings, Exhibit C at p. 136; Dkt. 234 at pp.

15-16. This Court's decision hinged partially on a lack of showing of need on the part of Plaintiff and potential duplication with NU's ESI, stating,

> If you can't work stuff out by showing you have specific needs from Mr. Protess for specific documents, we can revisit it. But I think under the – under Rule 26 factors I think the burden on Mr. Protess, based on where we are now and the sense that there is some duplication of what you may get from Northwestern, dictates that we should hold off compelling discovery for those materials at this point without prejudice.

Ex. C at p. 136. In contrast, the Court granted significant relief with regard to Plaintiff's discovery requests to NU, including broadening the timeframe applicable to potential Rule 404(b) evidence, and compelling documents related to Mr. Protess's employment without regard to timeframe. *See*, Dkt. 234 at pp. 13 and 20.

***The Three Computer Images Currently in the Possession of David Protess[1]***

Pursuant to this Court's Order, Plaintiff requested a discovery conference with counsel for Protess to better understand the nature and origin of the images in Protess's possession. During that conference, it was confirmed that these images were of different computers than those held by NU. Protess also revealed that the computers imaged were purchased and maintained by NU, and that these images were in the possession of NU's vendor until well *after* Plaintiff issued discovery requests in this case. *See*, Plaintiff's March 8, 2017 Correspondence, Exhibit D. According to Protess, after discovery commenced in this case, counsel for NU contacted them and told him to take possession of the images, claiming the documents belonged to Protess. *Id*. Not only were these computers purchased by NU, but one of the computers was used by Protess's assistant, Ms. Wanger (an NU employee), and the other two were returned to NU by Protess upon his August 2011 departure. *Id*. Plaintiff was extremely concerned about the

---

[1] Defendant Protess has represented that he also has a personal home computer which will be searched. Based on Plaintiff's understanding that this is personal computer and has never been imaged/possessed by NU, this electronic source is not subject to this motion.

3

transfer of these images during this litigation and requested Protess to consider returning the images to NU, which counsel for Protess indicated he would consider. *Id*. *See also*, March 10 Correspondence from Protess, Exhibit E.

Counsel for Mr. Protess, on March 21, 2017, by letter and March 23 by telephone, asserted for the first time that one of the laptops was the personal laptop of former NU employee Rebekah Wanger. *See*, March 21 Correspondence, Exhibit F. Moreover, as to the desktop, Mr. Protess does not deny this computer was returned to NU upon his departure[2]. Mr. Protess states that he recalls nothing of the laptop at all but counterintuitively takes the position that it contains his personal information[3]. Counsel for Protess represented on March 23, 2017, that despite the fact that at least one of these computers was not even used by Protess, he objects to returning any of the three images to NU, who possessed the images through its vendor until October 2016.

## ARGUMENT

**I. The Images Were in the Possession and Control of NU until Months After Plaintiff's Issuance of Discovery Requests and as Such, Should be Searched by NU in Accordance with this Court's February 3, 2017 Order.**

This Court drew a line in the sand between ESI possessed by NU and ESI possessed by Protess. It is now clear NU had possession and control of three of the images currently held by David Protess, and as such, the images should be subject to this Court's February 3, 2017 Order.

Rule 34 requires production of documents within a party's "possession, custody or control." FED.R.CIV.P. 34(a)(1). Certainly, documents within NU's actual possession at the time discovery commenced in this case are well within its Rule 34 obligations as well as documents within its control, such as those housed with its ESI vendor. *See, e.g., The Boyd*

---

[2] It was represented during the call between counsel for Protess and counsel for Plaintiff on March 23, 2017 that NU apparently disputes that the desktop was returned.
[3] Counsel for Mr. Protess indicated in their March 21 correspondence that "Mr. Protess' former attorney represented to Northwestern's counsel that the information on both of these machines was Mr. Protess' personal information[,]" but has provided no further information. See, Ex. F.

*Group (U.S.), Inc. v. D'Orazio, Jr.,* 14-CV-7751, 2015 WL 5321262 at *2 (N.D. Ill. Sept. 11, 2015); *Morningware, Inc. v. Hearthware Home Products, Inc*., 09-CV-4348, 2011 WL 4715189 at *2 (N.D. Ill. Oct. 6, 2011). Indeed, NU was aware of its duties under Rule 34, as it expressly denied responsibility for documents in Protess's custody, possession or control when responding to Plaintiff's Rule 34 requests in August 2016. *See*, Ex.G , p. 4 ("Northwestern objects to those definitions to the extent that they would bring within the scope of these Requests documents currently in the possession, custody, or control of David Protess, who is a separate party in this case and no longer employed by [NU].") But Rule 34 does not just impose limitations on NU's duties, it also defines NU's discovery obligations.

The images must be returned: NU simply cannot negate its Rule 34 obligations by divesting itself of documents in the middle of discovery. The images possessed by Protess are of NU computers and were maintained by NU for nearly seven years.[4] During the parties' recent discovery conferences, counsel for Protess did not dispute that prior to June 2016, they were wholly unaware that two of these images purportedly contained their client's "personal" documents, nor did they deny that Protess has not paid for the storage of these images with NU's vendor over the last nearly seven years. Through both the conclusion of the *McKinney* litigation and negotiations with Mr. Protess which lead to his 2011 termination of employment, these images were never turned over to him. Indeed, Mr. Protess does not even recall the laptop which is purportedly the source of one of the images, apparently depending on NU's recent assertions to that effect.

Similarly, although initially told by NU the computer used by Ms. Wanger was a university computer, Protess is now objecting to returning the image to NU based on NU's

---

[4] While NU has apparently recently represented to Protess that one of the images is of Ms. Wanger's personal laptop, that has not been confirmed.

5

newest assertion (of the last two weeks) that it is in fact an image of Ms. Wanger's personal computer. This change in story, coined by Protess as a "good faith mis-assertion," is suspect provided that NU imaged this computer in the course of fulfilling its obligations under a subpoena issued in the *McKinney* case: if the computer was within NU's obligations in responding to a subpoena in that litigation, then the same holds true in this litigation where it is a party[5].

Indeed, NU's transfer of materials to Protess during discovery in this case not only disregarded its Rule 34 obligations, it is also tantamount to a failure to preserve. NU had a duty to preserve all evidence in its control. This duty attached, at a minimum, at the time this lawsuit was filed more than two years ago. *Cohn v. Guaranteed Rate, Inc.,* --- F.R.D. ---, 2016 WL 7157358 at *3 (N.D. Ill. Dec. 8, 2016 ) quoting *Jones v. Bremen High School Dist. 228*, No. 08-CV-3548, 2010 WL 2106640 at *6 (N.D. Ill. May 25, 2010). NU's failure to preserve can only be remedied by Protess returning the images.

The images were in NU's possession and control until October 2016, four months after Plaintiff issued discovery requests. As such, they are subject to NU's discovery obligations, including those delineated in the February 3, 2017 Order.

## II. Alternatively, Plaintiff Requests Reconsideration of the February 3 Order.

Given the drastically different temporal scope of documents contained on the images held by Protess and the images held by NU – the images from Protess containing documents dated earlier than those possessed by NU - Plaintiff wanted to further explore the Court's concern that perhaps the ESI held by Protess would be duplicative of ESI held by NU. In doing so, Plaintiff uncovered information demonstrating that these images are actually subject to the Court's

---

[5] Counsel for Protess informed Plaintiff on March 23, 2017 that he has reached out to Ms. Wanger's attorney to see if she takes a different position. To date, Plaintiff has not been made aware of any response.

February 3 Order compelling NU. Nonetheless, should this Court disagree, Plaintiff requests that the denial of his motion to compel as to Protess be reconsidered in light of these new facts. Plaintiff now knows that the images are wholly separate and distinct from those maintained by NU: different computers, different custodians and different timeframes. Indeed, one of the laptops was used by Mr. Protess's assistant, and one laptop remains a mystery, as Mr. Protess does not recall whether or when he may have used it. The Court's initial concern about duplication has been mooted, and the risk of prejudice to Plaintiff if these images are not fully searched is demonstrable. As such, Plaintiff requests that his motion to compel against Protess be granted. If this Court remains concerned that the images are not discoverable under the burden analysis, Plaintiff requests an evidentiary hearing to further explore their nature, origin, content and the additional burden Protess claims he will endure by having to search the images consistent with the February 3 Order.

## CONCLUSION

Defendants NU and Protess inexplicably shifted documents in this case without ever disclosing to this Court or Plaintiff who had possession or control of the materials at the time discovery commenced. Indeed, they participated in a lengthy discovery hearing without ever disclosing that the three images which Protess was seeking to avoid searching on the basis of burden were actually in the possession of NU at the time Plaintiff's discovery requests were initiated. Plainly, NU's transfer of its documents to Protess should have been raised during the briefing and argument on Plaintiff's Motion to Compel, when the Court made clear that it did not see Protess and NU as similarly situated in their discovery obligations under the burden analysis. The three computer images currently held by Protess are documents encompassed by NU's Rule 34 obligations in this case, and NU should not be able to shield those documents from disclosure

by virtue of Protess's successful burden argument. As such, Plaintiff requests that this Court order that the images be returned to NU to be searched. Alternatively, the nature and origin of the images now makes clear that Plaintiff will be prejudiced if these images are not searched, and Plaintiff requests that this Court reconsider its decision to hold off compelling Mr. Protess to search the three images consistent with the scope of discovery set out for NU.

WHEREFORE, for the foregoing reasons, Plaintiff requests that this Court grant its motion and enforce the February 3, 2017 Order against the three images currently held by David Protess or alternatively, reconsider its denial of Plaintiff's motion to compel against David Protess.

Dated: March 27, 2017

Respectfully submitted,
*Attorneys for Plaintiff Alstory Simon*

/s/ Terry A. Ekl
Terry A. Ekl
Patrick L. Provenzale, #6225879
Tracy L. Stanker, #6274868
EKL, WILLIAMS & PROVENZALE LLC
Two Arboretum Lakes
901 Warrenville Road, Suite 175
Lisle, IL 60532
(630) 654-0045
(630) 654-0150 *Facsimile*
tekl@eklwilliams.com
pprovenzale@eklwilliams.com
tstanker@eklwilliams.com

/s/ James G. Sotos
James G. Sotos, Atty No. 6191975
Jeffrey Neil Given
Laura M. Ranum
THE SOTOS LAW FIRM, P.C.
550 East Devon Avenue, Suite 150
Itasca, IL 60143
(630) 735-3300
(630) 773-0980 *Facsimile*
jsotos@jsotoslaw.com
jgiven@jsotoslaw.com
lranum@jsotoslaw.com

/s/ Andrew M. Hale
Andrew M. Hale
Avi T. Kamionski
Shneur Z. Nathan
HALE LAW LLC
53 West Jackson, Suite 330
Chicago, IL 60604
(312) 870-6926
ahale@ahalelaw.com
akamionski@ahalelaw.com
snathan@ahalelaw.com

# CERTIFICATE OF SERVICE

I certify under penalty of perjury that the foregoing is true and correct, pursuant to 28 U.S.C.A. § 1746, that I electronically filed a complete copy of the foregoing **Plaintiff's Motion To Enforce This Court's February 3, 2017 Order** with the Clerk of the Court on Monday, March 27, 2017, using the CM/ECF system, which will send notification of such filing to the CM/ECF participants listed on the below service list:

*Defendant David Protess's Attorneys*:
Matthew J. Piers
Chirag G. Badlani
Kate Ellen Schwartz
Hughes, Socol, Piers, Resnick & Dym, Ltd.
70 W. Madison Street
Suite 4000
Chicago, IL 60602
cbadlani@hsplegal.com
mpiers@hsplegal.com
kschwartz@hsplegal.com

*Defendant Northwestern University's Attorneys:*
Terri L. Mascherin
Gabriel A. Fuentes
Jory M. Hoffman
Laura Ellen Baker Hulce
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654
Tmascherin@jenner.com
Gfuentes@jenner.com
Jhoffman@jenner.com
lhulce@jenner.com

*Defendant Paul Ciolino's Attorney:*
Jennifer Bonjean
Bonjean Law Group, PLLC
1000 Dean Street, Suite 422
Brooklyn, New York 11238
jennifer@bonjeanlaw.com

*Interested Party Martin Preib*
Perry W. Hoag
Thomas Neil Osran
Cameli & Hoag, P.C.
105 West Adams Street, Suite 1430
Chicago, IL 60603
phoag@camelihoaglaw.com
tosran@camelihoaglaw.com

/s/ Laura M. Ranum
LAURA M. RANUM, Atty No. 6300636
*One of the Attorneys for*
*Plaintiff Alstory Simon*