**IN THE UNITED STATES DISTRIC COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ALSTORY SIMON,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *v.* | ) | |
| | ) | No. 15-cv-1433 |
| **NORTHWESTERN UNIVERSITY, ET AL.** | ) | |
| | ) | Hon. Robert M. Dow, Jr. |
| *Defendants.* | ) | |
| | ) | Hon. M. David Weisman |
| | ) | |

---

**MOTION TO LIFT PROTECTIVE ORDER (IN PART) AND UNSEAL SELECTED FILINGS**

**NOW COMES,** defendant **PAUL CIOLINO**, by and through his counsel, **JENNIFER BONJEAN,** and moves this Court to lift its protective order on: (1) all depositions (with two exceptions) and (2) all production from the Cook County State's Attorney's office. Mr. Ciolino further seeks an order unsealing the pleadings filed on this docket related to the CCSAO Memo.

1. On June 14, 2017, this court entered a protective order[1] in this matter that permitted the parties (including third-parties) to designate certain materials disclosed in discovery as confidential and prohibiting the parties from disclosing or using the material "for any purpose whatsoever other than this litigation." [Doc. No. 320 at ¶5(a)]

2. The Order also commanded that all depositions be treated as confidential under the protective order unless otherwise ordered by court. *Id*. at ¶4

---

[1] This court entered an initial protective order on November 18, 2016 [Doc. No. 185]. Apart from expanding the Order to Third-Parties and modifying how depositions are treated, the June 14, 2017 Order was largely verbatim to the initial Order. [Doc. No. 320]

3. This protective order was entered by consent of all parties and its purpose was to facilitate discovery. This Court acknowledged that "[n]othing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue." *Id.* at ¶16 The Order expressly allows for its modification on motion by any party with standing in the litigation. *Id* at ¶15

4. This litigation has come to an end with three of the parties (Mr. Simon, Mr. Protess, and Northwestern University) reaching a settlement. Mr. Ciolino was dismissed with prejudice from the case on Plaintiff's motion.

5. Mr. Ciolino now moves to strike the confidential designations on some of the documents produced in this case, and further seeks an order to unseal various pleadings filed on the public docket, namely those related to the 2014 CCSA Memo.

**A. Depositions**

6. In an effort to facilitate discovery, the parties agreed to treat all depositions as confidential. In proceedings before Magistrate Judge Weisman, counsel for Mr. Ciolino expressed reservations about this overly expansive protective order but ultimately consented with the understanding and reassurance of the court that the designation was not a permanent one.

7. Indeed, the initial protective order (Nov 2016) entered in this case set forth a procedure by which parties could designate portions of depositions that it deemed confidential within fourteen days of the transcript's preparation. [Doc. No. 185 at ¶4] That provision was modified to treat all depositions as confidential when some of the parties could not reach consensus on how to handle the confidentiality of the parties' depositions. Mr. Ciolino

consistently took the position that nothing in this litigation should be deemed confidential but agreed to the protective order to facilitate discovery and with the express understanding that the confidential designations were *not* permanent.

8. Mr. Ciolino now seeks to lift the protective order as to all depositions, except those of former Northwestern University students Shawn Armbrust and Tom McGann. There is no authority that permits a blanket protective order on the entirety of every deposition conducted in a litigation, particularly a litigation that has garnered as much public interest as this one, and one that strikes at the heart of how justice is meted out in the Cook County Criminal justice system.

9. Indeed, most of the witnesses who were deposed in this case were current or former prosecutors who took actions in their official capacities with respect to Mr. Porter's exoneration, Mr. Simon's indictment and conviction, and Mr. Simon's exoneration – actions all taken on behalf of the People of the State of Illinois.

10. Mr. Ciolino has contacted Cook County State's Attorney James Hanlon who represented the Cook County State's Attorney's office in this litigation and Eileen Rosen who represented Anita Alvarez at her deposition to ask their position on this request and was told they generally object to lifting the confidential designation on anything and everything. *See* Declaration of Counsel.

11. Counsel for Mr. Protess has not expressed an objection to this request and Northwestern University has conditionally stated they don't anticipate any objections to this request but have reserved the right to object upon reading this motion. *Id*.

12. Since there is no presumption that entire depositions are confidential, this Court should lift the confidential designation as to all depositions, apart from Ms. Armbrust and Mr.

McGann. Minimally, this Court should require the parties to identify what sections of the depositions they contend are either protected by privilege and or should remain protected and afford Mr. Ciolino the opportunity to respond.

**B. Production by the Cook County State's Attorney's Office ("CCSAO")**

13. Pursuant to subpoenas issued by the parties in this case, the CCSAO produced documents that fall generally into the following categories: (1) email communications regarding the re-investigation of the Simon case; (2) documents produced in connection with the Porter prosecution/exoneration (3) documents produced in connection with the Simon prosecution and the Conviction Integrity Unit's ("CIU") re-investigation into the Simon prosecution; and (4) the CCSAO July 22, 2014 Memo regarding the findings of the CIU's investigation in Simon's "innocence." The CCSAO has designated every document of its voluminous production as "confidential."

14. Mr. Ciolino now moves to strike the confidential designation of those materials since they are not protected by any deliberative process privilege and would be available to the public under the Freedom of Information Act. Judge Weisman already entered a Memorandum and Opinion finding that the CCSAO memo is *not* subject to the deliberative process privilege. Moreover, the memo itself forms the basis of the court's decision that was entered on the judicial record. And lastly, portions of the memo are already in the public domain having been reported on by various news outlets.

15. As the Seventh Circuit has held, secrecy is fine at the discovery stage, before the material enters the judicial record. *Baxter v. Int'l, Inc. v. Abbott Labs.,* 297 F. 3d 544, 545 (7th Cir. 2002). But those documents, usually a small subset of all discovery, that influence or

underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality. *Id*.

16. "Documents that affect the disposition of federal litigation are presumptively open to public view . . . unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 22 F. 3d 697, 701 (7th Cir. 2010). *See also Heritage Recycling, LLC v. Energy Creates Energy, LLC*, 2015 U.S. Dist. LEXIS 119499, *10 (S.D. Ind. Sept. 4, 2015).

17. If material may be subject to seal, then the court weighs "the moving party's interest in privacy and public's interest in transparency." *Id*. "[A] litigating must do more than just identify a kind of information and demand secrecy." *Id. See also, Baxter v. Int'l, Inc. v. Abbott Labs.,* 297 F. 3d 544, 546 (7th Cir. 2002).

18. Here, the Cook County State's Attorney, an elected official representing the people of the state of Illinois, demands secrecy for all documents produced in this litigation related to its actions and conduct in the exonerations and investigations of both Anthony Porter and Alstory Simon – one of the most consequential murder cases in this state, if not in the nation.

19. To date, the public has a desperate desire to know the truth about who murdered Marilyn Green and Jerry Hillard and whether any wrongful convictions resulted from the prosecutions of Anthony Porter and Alstory Simon. Perhaps most important, the public demands to know whether former Cook County State's Attorney Anita Alvarez released Alstory Simon, knowing full well that he was guilty of the murders to avenge a vendetta against her nemesis David Protess and Northwestern University. *See* Mills, Steve, "Alvarez backed inmate's release despite aides' findings, report shows." Chicago Tribune, June 9, 2017. *See also*, Zorn, Eric, "Bombshell report from Alvarez office explodes case against 'innocence industry.' Chicago Tribune, June 10, 2017.

20. Documents produced by the CCSAO in this litigation shed considerable light on these important questions and no privilege protects them. Because the purpose of the protective order entered into by the parties was simply to facilitate discovery, the CCSAO has never been required to demonstrate "good cause" for its confidentiality designations.

21. Indeed, Mr. Ciolino previously moved to de-designate the infamous 2014 CCSAO Memo on June 7, 2017, arguing that the memo was not protected by any privilege, the public interest in the memo outweighed any privacy concerns of these publicly elected officials, and separately because Mr. Ciolino sought to quote the memo's contents in his currently pending state-court complaint alleging defamation. [Doc. No. 313]

22. The magistrate judge denied the request *without prejudice* observing that the confidentiality designations could be revisited, and that Mr. Ciolino could later move for reconsideration if necessary. [Doc No. 350] The magistrate judge also generally cautioned the parties that documents filed on seal may later be unsealed and that the confidentiality designations were subject to modification in the future. [Doc. 342]

23. The CCSAO has designated every document and deposition in which it has participated as "confidential." They have cited no privilege justifying these designations and have not demonstrated "good cause." Accordingly, this court should strike those confidential designations or require the CCSA to justify the designations.

**C. Order to Unseal Motions**

24. As mentioned above, Mr. Ciolino also seeks an order from this court to unseal the pleadings and filings in connection with the CCSAO Memo, specifically Doc Nos. 313, 329, 336, 341, 343, 344, 348, 349.

25. For the reasons stated in sub-section B, not only should this Court strike the confidential designation of the 2014 CCSAO Memo, it should unseal all the public filings in connection with the State's Attorney's efforts to conceal the memo from the public.

Respectfully Submitted,

/s/JENNIFER BONJEAN
*Attorney for Paul Ciolino*

Jennifer Bonjean
Bonjean Law Group, PLLC
1000 Dean St., Ste. 422
Brooklyn, NY 111238
718-875-1850 (p)
718-230-0582 (f)

**CERTIFICATE OF SERVICE**

I, JENNIFER BONJEAN, hereby certify that on June 11, 2018, I served the foregoing Motion to Lift Protective Order (In Part) and Unseal on all counsel of record who have consented to electronic service.

/s/JENNIFER BONJEAN