IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| ALSTORY SIMON, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| *v.* ) | No. 15-cv-1433 |
| ) | |
| NORTHWESTERN UNIVERSITY, ET AL. ) | Hon. Robert M. Dow, Jr. |
| ) | |
| *Defendants.* ) | Hon. M. David Weisman |
| ) | |

**DEFENDANT CIOLINO'S CONSOLIDATED REPLY TO PLAINTIFF, DEFENDANTS NORTHWESTERN AND PROTESS, AND THIRD-PARTY COOK COUNTY STATES ATTORNEY AND ANITA ALVAREZ OPPOSITION TO DEFENDANT CIOLINO'S MOTION TO LIFT PROTECTIVE ORDER AND UNSEAL SELECTED FILINGS**

**NOW COMES,** defendant **PAUL CIOLINO**, by and through his counsel, **JENNIFER BONJEAN,** and files this consolidated reply to the oppositions filed by Plaintiff, Defendants Northwestern and Protess, Third-Party Cook County State's Attorney ("CCSA"), and Anita Alvarez. As set out in detail below, Defendant Ciolino has not "waived" his objections to the blanket confidential designations where the Protective Order ("PO") allows Ciolino to challenge those designations at any juncture, and Ciolino raised the issue immediately upon learning that the Plaintiff was moving to dismiss him from the case. Apart from the parties' frivolous waiver argument, none of the parties can provide "good cause," or frankly any basis, for maintaining the blanket confidential designations. Accordingly, this Court should strike the confidential designations of all depositions, all documents produced by the CCSAO, and unseal those pleadings filed on the docket.

A.  **Defendant Ciolino Did Not Waive His Objections to The Confidential Designations Where the Protective Order Permits Him to Challenge the Designations Without Limitation.**

Plaintiff, Defendant Northwestern, and Third Parties Alvarez and the Cook County State's Attorney all allege that Defendant Ciolino waived his right to contest the confidential designations of depositions and documents by failing to object to the confidential designations prior to resolution of this case. This argument is made in bad-faith, finds no authority in the language of the consent order itself and runs contrary to this Court's repeated admonitions that matters filed under seal and confidential designations could be revisited by the parties at a later time.

First, the consent order expressly states that it is subject to modification by the Court or *on motion of a party* and that the Order does not afford statutory protection to any materials designated as confidential. [Doc. 320 at ¶15] The parties can point to *no* language in the Order that required Ciolino to challenge the confidential designations prior to resolution of the case. The whole purpose of the CO was to facilitate discovery by tabling issues of confidentiality. Moreover, this Court observed on numerous occasions that Defendant Ciolino (or any party) enjoyed the right to challenge the confidential designations and/or sealing orders at a later date which Ciolino has now done.

Second, the parties fail to acknowledge that Defendant Ciolino *immediately* informed them of his intent to lift the protective order after learning that Plaintiff Simon was moving to dismiss him from the case. As this Court is aware, Defendant Ciolino rejected *all* settlement offers by the Plaintiff. At no point did Plaintiff ever inform Defendant Ciolino of his intent to dismiss him from the case. [Doc. No. 417] On June 1, 2018, with no notice to Ciolino, Plaintiff

2

moved to dismiss him from the case. On June 3, 2018, Defendant Ciolino immediately emailed all the parties to determine any objections to lifting the protective order. *See* Bonjean Declaration [Doc. No 426] Most of the parties simply ignored that email. On June 7, 2018, counsel for Defendant Ciolino appeared before Judge Dow on the Plaintiff's motion to dismiss and expressly advised him of his intent to challenge the confidential designations. Indeed, Judge Dow entered a minute order on June 7, 2018, stating "Parties advise the only remaining issue is the protective order" [Doc. 424] In short, Defendant Ciolino raised this issue as soon as it made sense to do so. Accordingly, the parties' waiver argument must be rejected.

**B.      None of the Parties Opposing Ciolino's Motion Have Demonstrated Good Cause For Maintaining The Blanket Protective Order on All Depositions and Other Materials Tendered by the CCSAO.**

Putting all of their eggs in their frivolous waiver argument, the parties to this litigation (Plaintiff and Defendants Northwestern and Protess) offer no "good cause" to support their argument that all depositions and materials tendered in discovery should be remain under a blanket protective order. Indeed, their opposition papers are devoid of any substantive argument.

The CCSA and Alvarez attempt to argue that their third-party production and Alvarez's deposition should remain protected but offer little by way of support and rely heavily on arguments that have already been rejected by this Court. At the outset, the CCSA fails to understand that *it* bears the burden of showing "good cause" – not defendant Ciolino. As the PO expressly states, "the burden of persuasion in any [such] challenge proceeding shall be on the designating party." [Doc. 320 at ¶9(b)]

Here, the CCSA acknowledges that this Court already determined that the CCSAO Memo was not protected by any deliberative process privilege but again attempts to repackage

3

the same losing arguments here, arguing that the CCSAO memo is the kind of communication that ought to be protected. Contrary to the CCSA's argument, the memo is the type of communication that ought *not* be protected. Indeed, the memo is available pursuant to a FOIA request. The plain reading of the Illinois FOIA statute provides that "relevant portions of a record shall *not* be exempt when the record is publicly cited and identified by the head of the public body." 5 ILCS 140/7(1)(f). The CCSA overlooks that Anita Alvarez expressly referred to the CIU investigation that was memorialized by the 2014 Memo when she publicly announced that she was vacating the double murder convictions of a man who pled guilty to the offense. At her press conference, Alvarez rattled on about the complexity and thoroughness of the CIU investigation, telling the public that the investigation led to her decision to release Plaintiff. In so doing, Alvarez not only referenced the decision materials (i.e. 2014 Memo) in a public setting, but told the public that the memo *supported* her decision to release a convicted murderer.

When the head of a public body takes the radical step of releasing a convicted murderer from prison *after* a prior administration refused to entertain the idea and *after* every Court rejected the claims of that murderer, the public understandably wants to know why that decision was made. Alvarez *publicly* pointed to her investigation as the basis for that decision. This is exactly the scenario under which the general public has a right to review the decisional materials (i.e. the 2014 Memo). Thus, contrary to the CCSA's argument, the memo is not protected by any privilege as already set out in this Court's prior Memorandum Opinion and Order on the issue, and is also undeserving of *any* protection.

Alternatively, the CCSA argues for the first time that the Memo and all CCSA documents are protected by the work-product Privilege. The CCSA has already acknowledged that the memo was not prepared in anticipation of litigation and therefore is not protected by the work-

4

product privilege. Presumably, the CCSA would have asserted such a privilege at the time the subpoena was issued if it had a good-faith basis to assert such a privilege. The fact that the CCSA did not make such an assertion in its opposition to the Defendants' prior motion to compel speaks volumes about the merits of the argument. Regardless, the CCSA waived any argument that the material is protected by the work-product privilege when it failed to previously raise this issue.

The CCSA also challenges Ciolino's contention that the memo is already in the public sphere. However, the Chicago Tribune reported that it obtained a copy of the memo. Steve Mills wrote, "[a]ccording to the report from that investigation [the CCSAO Memo], never released publicly *but recently obtained by the Tribune* . . ." Mills, Steve, Alvarez backed inmate's release despite aides' findings, report shows, *Chicago Tribune*, June 9, 2017. Mills quotes extensively from the report clearly demonstrating that the report is already in the public domain.

Lastly, Alvarez contends that her deposition should remain confidential despite the fact that she was the top law enforcement officer in the county and was responsible for vacating Plaintiff's murder conviction and releasing him.[1] If anyone's deposition should be made public, it is Anita Alvarez's. The Seventh Circuit has repeatedly expressed its view that documents that affect the disposition of federal litigation are presumptively open to public view.

> Secrecy in judicial proceedings is disfavored, as it makes it difficult for the public (including the bar) to understand why a case was brought (and fought) and what exactly was at stake in it and was the outcome proper. The interest in allowing public access to the judicial record is thus a social interest rather than a concern solely of the litigants. *GEA Group AG v. Flex-N-Gate Corp.* 740 F. 3d 411, 419-20 (7th Cir. 2014).

---

[1] The CCSA only argues in favor of the confidential designation of Alvarez's deposition. It takes no position with respect to other depositions taken in this case.

Anita Alvarez was single-handedly responsible for vacating Plaintiff's convictions and releasing him from prison. This act was a pre-requisite to and formed the basis of this litigation. Accordingly, her testimony is critical to understanding why this case was brought, what was at stake in it, and whether the outcome was proper. Alvarez offers no legitimate reason for keeping her deposition secret other than a baseless claim that the transcripts and video-tape of her depositions are subject to "misuse." This Court has previously acknowledged that this case involved important and fundamental concerns about the criminal justice process. Alvarez was a public official whose conduct was central to this important litigation. Her deposition deserves no protection.

**C.     Defendant Ciolino Agrees that *All* Confidential Designations Should be Struck on All Depositions and All Materials Produced in Discovery.**

Plaintiff and Defendant Northwestern further object that Defendant Ciolino has "cherry picked" documents and depositions. Plaintiff and Northwestern have a point. Accordingly, Defendant Ciolino agrees that all confidential designations should be struck on *all* depositions and discovery produced in this litigation.

Respectfully Submitted,

/s/JENNIFER BONJEAN
*Attorney for Paul Ciolino*

Jennifer Bonjean
Bonjean Law Group, PLLC
1000 Dean St., Ste. 422
Brooklyn, NY  111238
718-875-1850 (p)
718-230-0582 (f)

## CERTIFICATE OF SERVICE

I, JENNIFER BONJEAN, hereby certify that on August 2, 2018, I served the foregoing Consolidated Reply to the Parties' Opposition to Ciolino's Motion to Lift Protective Order (In Part) and Unseal on all counsel of record who have consented to electronic service.

/s/JENNIFER BONJEAN